# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| **LANDMARK TECHNOLOGY, LLC,** § § | | |
| vs. § | **CASE NO. 6:13cv758 JDL (LEAD)** | |
| § | | |
| **THE ADT CORPORATION,** § | | |
| **LANDMARK TECHNOLOGY, LLC,** § § | | |
| vs. § | **CASE NO. 6:13cv413 JDL** | |
| § | | |
| **TEMPUR-PEDIC INTERNATIONAL, INC.,** § § | | |
| **LANDMARK TECHNOLOGY, LLC,** § § | | |
| vs. § | **CASE NO. 6:13cv414 JDL** | |
| § | | |
| **VITACOST.COM, INC.,** § | | |
| **LANDMARK TECHNOLOGY, LLC,** § § | | |
| vs. § | **CASE NO. 6:14cv26 JDL** | |
| § | | |
| **UNION PACIFIC CORPORATION.** § | | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants The ADT Corporation, The Jones Group Inc., Briggs & Stratton Corporation and Hugo Boss USA, Inc.'s (collectively, "ADT Defendants") renewed Motion to Stay Proceedings Until the USPTO has Completed Its CBMR Proceedings (Case No. 6:13cv758-JDL, Doc. No. 74) ("ADT Motion"). The matter is fully briefed. Case No. 6:13cv758-JDL, Doc. Nos. 76, 80 and 84. Defendant Tempur Sealy International, Inc., f/k/a Tempur-Pedic International Inc ("Tempur Sealy") filed a Notice of Joinder with ADT's Motion (Case No. 6:13cv413-JDL, Doc. No. 43) incorporating ADT Defendants' Motion and agreeing to be estopped to the same extent that the petitioners in the pending CBMR proceedings are estopped. Also before the Court is Defendant Vitacost.com, Inc.'s ("Vitacost") Motion to Stay

1

Proceedings Pending Covered Business Method Patent Review (Case No. 6:13cv414-JDL, Doc. No. 48) ("Vitacost Motion"). Plaintiff responded (Case No. 6:13cv414-JDL, Doc. No. 49). Vitacost additionally filed a notice and supplemental briefing following institution of Covered Business Method Patent Review ("CBMR") by the U.S. Patent and Trademark Office ("PTO") (Case No. 6:13cv414-JDL, Doc. No. 52) ("Vitacost Notice") to which Plaintiff responded (Case No. 6:13cv414-JDL, Doc. No. 57). Having considered the parties' arguments and for the reasons set forth below, ADT and Vitacost's Motions are **GRANTED** and all captioned cases are **STAYED** until the PTO has completed its CBMR.

## BACKGROUND

On May 22, 2013, Plaintiff Landmark Technology, LLC ("Landmark") filed five separate lawsuits alleging infringement of U.S. Patent No. 5,576,951 ("the '951 Patent") and U.S. Patent No. 7,010,508 ("the '508 Patent) (collectively, "the patents-in-suit"). Landmark has since filed additional suits alleging infringement of the same patents and several cases have settled. The seven remaining Defendants include Tempur Sealy (6:13cv413), Vitacost (6:13cv414), four Defendants in the consolidated 6:13cv758 action, and Union Pacific in the 6:14cv26 action. A *Markman* hearing is scheduled for September 25, 2014 and pre-trial is scheduled for July 23, 2015.

GSI Commerce Solutions, Inc. ("GSI"), a subsidiary of eBay, Inc. that provides systems and software for former Defendant iRobot's accused instrumentality, filed two petitions with the Patent Trial and Appeals Board (PTAB) for post-grant review on November 4, 2013. Pursuant to Section 18(b) of the Leahy-Smith America Invents Act ("AIA"), the petitions seek findings of invalidity regarding the patents-in-suit under the Transitional Program for CBMR. On November 26, 2013, iRobot filed a motion seeking a stay of proceedings pending the PTAB's

resolution of CBM Review (No. 6:13cv411, Doc. No. 40) which the Court granted-in-part on January 24, 2014 (No. 6:13cv411, Doc. No. 47).

While a decision was pending by the PTAB whether review would be granted, the ADT Defendants filed a motion to stay (No. 6:13cv758, Doc. No. 17) based on the same grounds asserted in iRobot's motion. Following complete briefing, the Court held a hearing on April 29, 2014 ruling that a stay prior to a decision by the PTO was premature and ordered the parties to inform the Court when a decision by the PTAB had been made. As discussed during the hearing, outstanding issues included the scope of review should the PTAB institute CBMR, and whether Defendants would agree to be estopped to the same extent as the Petitioners in the PTAB.

## ANALYSIS

On May 15 and 20, 2014 the PTAB instituted CBMR for all claims of the '951 Patent and '508 Patent respectively. *See* No. 6:13cv414, Doc. No. 52-2 ("the '951 PTAB decision") and Doc. No. 52-3 ("the '508 PTAB decision"). Having reviewed the PTAB decisions, the Court finds the scope of CBMR sufficient to warrant a stay because it will simplify or eliminate issues for trial. *See* AIA § 18(b)(1). Specifically, the PTAB was unable to find disclosure for any structure (i.e., an algorithm) in each respective specification for performing the functions of the claim terms under review. *See* '951 PTAB decision at 21-22; '508 PTAB decision at 19-21. This initial finding indicates that at least some of the asserted claims may be cancelled, thereby simplifying the issues before this Court. It is also possible that the claims will be entirely cancelled. Further, because each Defendant (with the exception of Union Pacific) has agreed to be bound by the estoppel provisions of AIA § 18(a)(1)(D), all Defendants will be estopped from raising the same arguments in this Court that the Petitioners raised in the CBMR proceeding.

The Court also notes that these cases are still in the early stages of litigation. Fact discovery has just begun, expert discovery has not yet started, claim construction has just begun

with a mere request for the Court to construe greater than ten terms, and case dispositive motions have yet to be filed.  Additionally, the PTAB is required to issue Final Written Decisions by May 2015, several months before trial.  While Landmark has an interest in the timely enforcement of its patent rights, the compressed time frame allotted by Congress for CBMR greatly lessens the prejudice of a stay to Landmark.  *See Landmark Tech., LLC v. iRobot Corp.*, 6:13cv411-JDL, 2014 WL 486836, at *4 (E.D. Tex. Jan. 24, 2014).

Finally, the Court is mindful that CBMR is a transitional program where Congress "places a very heavy thumb on the scale in favor of a stay being granted...Since the entire purpose of the transitional program at the PTO is to reduce the burden of litigation, it is nearly impossible to imagine a scenario in which a district court would not issue a stay."  157 Cong. Rec. S1363 (daily ed. Mar. 8, 2011) (statement of Sen. Charles Schumer).  Here, the Court finds no exceptional circumstances to overcome the heavy thumb Section 18(b) places in favor of a stay.

In sum, because the scope of CBMR is broad, the litigation is in its early stages, six out of seven Defendants have agreed to be estopped to the same extent as the Petitioner in the CBMR proceedings, prejudice to the Plaintiff is minimal, and there are no exceptional circumstances, the court will **GRANT** the motions to **STAY** the 6:13cv414 and 6:13cv758 actions pursuant to § 18(b) of the AIA.  Pursuant to Tempur Sealy's Notice of Joinder (Doc. No. 43), the Court **STAYS** the 6:13cv413 action.  Additionally, the court **STAYS** the 6:14cv26 action as an exercise of its discretion and in the interests of judicial and litigant economy.  All stays are granted until a final appealable written decision has been issued by the PTAB.  The parties are **ORDERED** to provide a status report within five days of the PTAB's decision.

Further, the parties' Motions to Construe More than 10 Terms are hereby **DENIED AS MOOT** without prejudice to reurging upon completion of CBMR by the PTAB. Case No. 6:13cv758, Doc. No. 82; Case No. 6:13cv413, Doc. No. 46; Case No. 6:13cv414, Doc. No. 55; and Case No. 6:14cv26, Doc. No. 35.

**So ORDERED and SIGNED this 3rd day of July, 2014.**

*[Signature: John D. Love]*
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE